[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner initially brought this petition in four counts, each setting forth a different basis for his central claim that his confinement is illegal. Following the hearing on the petition, the petitioner, by motion dated December 15, 1995, moved for permission to withdraw Count One and Count Two on the basis that if the petitioner were successful in his claims with respect to either of such counts, he could, in fact, be subjected to further prosecution without effecting a reduction in his effective sentence. The petitioner's motion is granted. Accordingly, the Court will consider only Counts Three and Four. CT Page 52
In Count Three, the petitioner claims that he did not receive the sentences and terms of incarceration for which he bargained. Additionally, he claims that neither he nor his attorney knew at the time of his plea that the Department of Corrections would calculate the sentence he received on March 11, 1993 as being consecutive to all previously imposed sentences. Therefore, he claims, he did not enter his guilty pleas knowingly or voluntarily.
In the Fourth Count, the petitioner claims that the Commissioner of Corrections has miscalculated the effective terms of his sentences, and, accordingly, has unlawfully extended his period of confinement.
Based on the evidence adduced at the habeas hearing the court finds the following:
The petitioner is currently confined in the custody of the Commissioner of Corrections.
On or about December 18, 1992, the petitioner was arrested in Meriden and charged with the crime of Assault on a Police Officer. The docket number for this matter is CR7-0150877 in the Superior Court, G.A. 7 at Meriden.
On or about February 2, 1993, the petitioner was arrested and charged with Escape in the First Degree and with Assault on a Police Officer. The docket number for this matter is CR6-376095 in the Superior Court, G.A. 6 at New Haven.
On January 22, 1993, the Meriden file was transferred to the New Haven G.A. Court for disposition.
On March 11, 1993 the petitioner was sentenced on these files as follows: in Docket Number CR6-376095, for the offense of Escape in the First Degree, a sentence of four years to serve consecutive "To any sentence that you are presently serving." Petitioner's Exhibit 1, Transcript pp. 8-9. In the same file, on the assault charge, the petitioner was sentenced to four years to serve concurrent with the sentence on the escape charge. In Docket Number CR6-150877, on the charge of Assault on a Police Officer, the petitioner was sentenced to serve four years, concurrent with the sentences on Docket Number CR6-376095.
At his various court appearances on these matters, the petitioner was represented by several public defenders. In the CT Page 53 Meriden G.A. Court on December 18, 1992, he was represented by Assistant Public Defender Alice Osedach-Powers. Later, on January 22, 1993 he was represented by Attorney Maria Holzberg, a Special Public Defender. Subsequently, after the Meriden file had been transferred, he was represented on both files in the New Haven G.A. Court by Attorney Joan Leonard of the New Haven Public Defender's Office.
At the time of her representation of the petitioner, Attorney Leonard had been an attorney with the Office of the Public Defender since 1982 with experience as a staff attorney for two years, in the habeas unit for a period of two years, and then as a supervisor since 1986.
Prior to the imposition of these sentences on March 11, 1993, the petitioner had been sentenced as follows:
On March 30, 1989, in Docket Number CR6-303335, the petitioner was sentenced to a term of two and one half years to serve. This sentence was ordered to be concurrent with two other sentences of equal periods of confinement imposed on the same date in Docket Number CR6-303413 and Docket Number CR6-304232.
On April 21, 1989, in Docket Number CR6-305805, the petitioner was sentenced to a term of two years to serve, the sentence to be concurrent with the sentences he received on March 30, 1989.
On May 21, 1992, in Docket Number CR6-322102, the petitioner was sentenced in the New Haven Judicial District Superior Court to a sentence of twelve years execution suspended after serving eight years. This sentence followed from a stipulation reached by the petitioner in a habeas case, Docket No. 90-1112, Judicial District of Tolland, which had the effect of vacating an earlier sentence imposed on the petitioner on May 25, 1990 in the Superior Court in New Haven. This sentence was to run consecutively to the sentence imposed on April 21, 1989 in Docket Number CR6-305805.
On January 8, 1993, in Docket Number CR7-148410, the petitioner was sentenced in the Superior Court (Meriden G.A.) to a term of fourteen years execution suspended after nine years, consecutive with the sentence he was then serving and probation for three years. Also, on January 8, 1993, in Docket Number CR7-148937 he petitioner was sentenced in the Meriden G.A. Superior Court to a term of nine years to be served concurrently with the sentence he received in Docket Number CR7-148410. CT Page 54
Prior to his entering guilty pleas on the files which are the subject of this habeas petition Attorney Leonard discussed the State's plea offer with the petitioner. She discussed with the petitioner her understanding that the State intended for the proposed sentences to run consecutively with the sentence he was then serving, which Attorney Leonard believed to be a sentence of fourteen years execution suspended after serving nine years of incarceration.
On December 18, 1992, the petitioner was arrested in Meriden and charged with assault on a police officer. This case was docketed as CR7-0150877 in the Superior Court, G.A. 7.
When the petitioner appeared in court on December 18, 1992 he was there for two purposes. He was scheduled for sentencing on charges unrelated to the claims in this Count and he also appeared on the arraignment docket on a charge of Assault on a Police Officer. On the charges for which he was to be sentenced the petitioner was represented by Attorney Alice Osedach-Powers, an Assistant Public Defender. When the arraignment matter was called Attorney Osedach-Powers requested that Attorney Maria Holtzberg be appointed as a Special Public Defender on the new file, a request acceded to by the court. Subsequent to December 18, 1992, the charge of Assault on a Police Officer was transferred from G.A. 7 in Meriden to G.A. 6 in New Haven where, on March 11, 1993, the petitioner pled guilty to the charge. cf. Petitioner's Exhibit 1, p. 2. At the time of his plea, the petitioner was represented by Attorney Leonard.
Count Three
This count contains multiple claims all related to the calculation of his effective sentence by the Department of Corrections. The petitioner asserts that when he agreed to plead guilty he believed that his total effective sentence would be four years to serve, consecutive to the sentence he received on May 21, 1992 but not consecutive to the nine year sentence he had just received on January 8, 1993. Because the Department of Corrections aggregated all previously imposed sentences and made the four year sentence imposed on March 11, 1993 consecutive to his aggregate sentence, the petitioner claims that he did not receive the sentence for which he bargained. He also claims that neither he nor his counsel at the time of sentencing could have known that the Department of Corrections would make his four year sentence CT Page 55 consecutive to an aggregate sentence comprised of all previously imposed sentences and that accordingly his pleas were not entered knowingly and willingly.
At the outset, the court views the petitioner's assertion that his counsel did not then know how the Department of Corrections would calculate his March 11, 1993 sentence as a claim of ineffective assistance of counsel. To succeed in this regard, the petitioner must show that his attorney's performance was not "reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law."State v. Clark, 170 Conn. 273, 283 cert. denied, 425 U.S. 962,96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). The petitioner must also demonstrate that this lack of competency contributed to his conviction. State v. Clark, supra; Levine v. Manson, 195 Conn. 636,639 (1985); Summerville v. Warden, 29 Conn. App. 162 (1992). Connecticut has adopted a two-pronged test for ineffectiveness of counsel which requires a conclusive showing that (1) the attorney's performance was so deficient and the efforts made by counsel were so egregious that the attorney was not functioning as counsel, and (2) there exists a reasonable probability that, but for counsel's professional efforts, the result of the proceeding would have been different. Strickland v. Washington, 46 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984); Johnson v. Commissioner, 218 Conn. 403,424 (1991). Where there has been a guilty plea the petitioner must also prove that, ". . . but for defense counsel's deficient performance, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in proving a more favorable outcome. Copas v. Commissioner, 234 Conn. 139, 157 n. 10 (1995).
In this case, the petitioner has met neither prong of theStrickland standards. The petitioner did not prove that Attorney Leonard was unaware, at the time of his sentencing, that his sentence would be made consecutive to his previously imposed sentences. Nor is the court satisfied, based on the evidence, that the petitioner was unaware at the time of plea that the Department of Correction would calculate his sentence as consecutive to the aggregate of all previously imposed sentences.
The court does not credit the petitioner's testimony that he did not believe at the time of his sentencing that his sentence was intended to run consecutively to the sentence he had earlier received on January 8, 1993. At the time of his plea and CT Page 56 sentencing the petitioner was an experienced criminal defendant who had previously been sentenced and incarcerated. Additionally, the petitioner offered no evidence that his claimed lack of knowledge and his attorney's concomitant failure to advise him concerning sentencing had any impact on his decision to plead guilty. Also, the petitioner offered no credible evidence that he would have pled not guilty and gone to trial if he had been affectively advised in regard to the sentencing agreement. Finally, the March 11, 1993 court transcript reveals that the canvass by the court was thorough and that the petitioner's pleas were entered knowingly and voluntarily. Petitioner's Exhibit 1, Trial Transcript.
Fourth Count
The petitioner was sentenced to the Commissioner of Corrections for a period of four years to serve, . . . "consecutive to any sentence that you are presently serving." Petitioner's Exhibit 1, p. 8, Transcript dated March 11, 1993.
The essence of the petitioner's claim in this count is that the Department of Corrections has unlawfully lengthened the Petitioner's sentence. The petitioner asserts that when the court sentenced him on March 11, 1993 to an effective sentence of four years consecutive to the sentence he was then serving that he was in fact then still serving the sentence which had been imposed on him on May 21, 1992, and that he had not yet begun to start serving the sentence imposed on him on January 8, 1993. Therefore, the petitioner claims, since he had not yet started to serve the sentence imposed on him on January 8, 1993, his March 11, 1993 sentence should only be calculated as consecutive to the earlier sentence and not consecutive to the January 1993 sentence. The petitioner is in error.
Connecticut General Statutes § 53a-38 provides, in pertinent part, that ". . . (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term." Pursuant to the terms of this statute, the Department of Corrections has aggregated the petitioner's sentences so that his Sentenced Time Sheet reflects a prospective release date of February 3, 2010. cf. Petitioner's Exhibit 2, Sentenced Time Sheet-Definite Sentences. Resolution of this issue requires reference to the meaning of the phrase "consecutive to any sentence that you are presently serving." Exhibit 1, Id. Instructive to this question is language expressed by the Connecticut Supreme Court in CT Page 57McCarthy v. Commissioner, 217 Conn. 568 (1991). In McCarthy, also a habeas case, the petitioner claimed that he was entitled to have a ten to twenty year sentence aggregated with his six year sentence in order to have his sentences construed as one continuous term of imprisonment for purposes of calculating his good time credits. In McCarthy it was in the petitioner's interests to have his sentences aggregated as one continuous term so that, pursuant to C.G.S. § 18-7a he would begin to have his good time credited at the rate of twelve days a month for the sixth and each subsequent year of an aggregated sentence. The respondent contended that each sentence should be calculated separately with the effect that the petitioner would have to complete one sentence and then begin the next and would only be able to have his good time on his second sentence credited at the enhanced rate once he had finished the entire first sentence and had served the first five years of his second sentence. court inMcCarthy agreed with the petitioner, concluding that ". . . the provision of C.G.S. § 18-7 requiring that prisoners held under more than one conviction have their several terms of imprisonment construed as one continuous term for the purpose of calculating their good time credits is still viable." Id. at 581. While in McCarthy the Supreme Court was interpreting the provisions of C.G.S. § 18-7, the court made reference to an entire statutory scheme, including note of the statute in question in this case, in support of its reasoning. The court opined, "The intention of the legislature as to whether multiple sentences of imprisonment should be construed as one continuous term is, moreover, manifested in other existing statutes. For example, General Statutes § 18-98b requires that `[w]hen any prisoner is held under more than one conviction the several terms of imprisonment imposed thereunder shall be construed as one continuous term for purposes of determining eligibility for any outstandingly meritorious performance award . . .' General Statutes § 53a-37 requires the sentencing court when it imposes multiple sentences of imprisonment on a person at the same time, or when it imposes an additional sentence on a prisoner with an undischarged term of imprisonment, to state whether the sentences are concurrent of consecutive and to state the total "effective" sentence imposed. (citations omitted). . . General Statutes § 53a-38(b)(2) mandates that if multiple definite sentences run consecutively, the terms of the sentences must be added to arrive at an `aggregate term' and the sentences are satisfied by the discharge of the `aggregate term.'"McCarthy, Id. at 576-577. Applying the reasoning of McCarthy, as well as the language of C.G.S. § 53a-38, the court finds that CT Page 58 at the time of his sentencing on March 11, 1993, the petitioner was serving an aggregate term to which the sentences imposed on that date were made consecutive.
For the reasons stated, the petition is dismissed.
Bishop, J.